# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | NO. 1:94-CR-57 |
| | § | |
| RUSSELL KENTON COLEMAN | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
## FOR OFFENDER UNDER SUPERVISION

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed August 30, 2012, alleging that the Defendant, Russell Coleman, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

### I. The Original Conviction and Sentence

The Defendant was sentenced on January 27, 1995, before the Honorable Richard A. Schell, United States District Judge for the Eastern District of Texas, after pleading guilty to 5 counts of the offense of possession of a firearm, a Class A felony. These offenses carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of 33 and a criminal history category of IV, was 188 to 235 months. The Defendant was sentenced to 192 months' imprisonment, followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include: drug aftercare; mental health aftercare; taking prescribed medication as directed; and a $100 special assessment.

## II. The Period of Supervision

The Defendant completed his period of imprisonment on April 15, 2011 and began his term of supervised release.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision on August 30, 2012 alleging three violations: 1) on August 29, 2012, the Defendant contacted his probation officer and informed her that he had relapsed and had used cocaine, and that if he were asked to submit a urine specimen on this date, said specimen would test positive for the presence of cocaine thereby violating his mandatory condition to refrain from any unlawful use of a controlled substance; 2) on the same date, the Defendant also stated that he had been residing in Beaumont, Texas since August 10, 2012, which violated his standard condition that he should notify probation 10 days prior to any change in residence; and 3) for the same facts alleged in violation 1, the Defendant violated a standard condition that he should not frequent places where controlled substances are illegally sold, used, distributed, or administered.

## IV. Proceedings

On September 7, 2012, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant agreed to plead "true" to the second allegation, which asserted that he violated a standard condition of supervised release, to wit: "The

Defendant shall notify the probation officer ten days prior to any change of residence or employment." The Petition alleges, "On August 29, 2012, Mr. Coleman contacted U.S. Probation Officer Laurie Ulsh, Southern District of Texas, Houston Division, and informed her that he had been residing in Beaumont, Texas, since August 10, 2012."

The undersigned recommends that the Court revoke the Defendant's supervised release and impose a sentence of ten (10) months' imprisonment with no term of supervised release to be imposed after release.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3). The original offense of conviction was a Class A felony; therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated a condition of supervision by failing to notify probation 10 days prior to any change in residence, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. In the case of revocation of supervised release based on a Grade C violation and a criminal history category of IV, the guideline imprisonment range is 6 to 12 months.

According to U.S.S.G. § 7B1.3(c)(1), where the minimum term of imprisonment is at least one month but not more than six months, the minimum term may be satisfied by: (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), for any portion of the minimum term.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the allegation that he violated his conditions of supervised release by failing to notify probation 10 days prior to any change in residence. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender

Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade C violation, and his criminal history category is IV. Policy guidelines suggest 6 to 12 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an unwillingness to adhere to conditions of supervision by failing to notify probation 10 days prior to any change in residence.

As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a sentence of ten (10) months' imprisonment.

### VII. Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by failing to notify probation 10 days prior to any change in residence.

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583; and

3. The Defendant should be sentenced to a term of imprisonment of ten (10) months with no supervised release to follow.

4. The court should recommend that the Defendant be incarcerated in the Oakdale, Louisiana Federal Correctional Institution of the Federal Bureau of Prisons if deemed appropriate by the Bureau of Prisons.

### VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as

recommended, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 12th day of September, 2012.

_____
Zack Hawthorn
United States Magistrate Judge